UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: VOLKSWAGEN "CLEAN DIESEL"
MARKETING, SALES PRACTICES, AND
PRODUCTS LIABILITY LITIGATION

_____/

This Order Relates To:

*Becker*, No. 3:18-cv-07096-CRB, Dkt. No. 6

_____/

MDL No. 2672 CRB  (JSC)

**ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND**

Soon after he purchased a used 2013 Volkswagen Jetta from a California-based
Volkswagen dealership in 2018, Thomas Becker began noticing several problems with the car.
One was that the car drifted to the right when he was driving.  A mechanic later determined that
the drifting was due to structural damage that must have resulted from a prior accident.  No history
of accidents was mentioned when Becker bought the car.

In California state court, Becker filed a lawsuit against the dealership and against
Volkswagen Group of America, Inc. ("VWGoA").  He brought claims for fraud, negligence, and
for violation of California's consumer protection and warranty laws.  Each claim was based on
multiple theories.  One was that defendants violated state law by not disclosing that his car had
been in an accident.  Another was that defendants violated state law by not labeling his car as a
"lemon."  (*See Becker*, Dkt. No. 1-2, Compl. ¶¶ 44–45, 59–60, 84–87, 94.)

VWGoA removed Becker's case to federal court, based on federal-question jurisdiction.
*See* 28 U.S.C. § 1331.  In the notice of removal, the company added details about Becker's car that
he had not included in his complaint.  The company explained that the car was a 2.0-liter TDI
diesel, which was the type of car that was at the center of the company's "clean diesel" scandal.
The company also explained that pursuant to a consent decree that this Court approved in 2016, it

had repurchased the car from its original owner, modified the car's emissions systems, and then made the car available for resale. According to VWGoA, the "so-called 'lemon law buyback'" that Becker referred to in his complaint was this repurchase and modification. (*Becker*, Dkt. No. 1, Not. of Removal ¶ 6.)

Upon its removal, Becker's case was added to the above-captioned MDL, which involves "clean diesel" related litigation. Becker responded by filing a motion to remand his case to state court. In his motion, he contends that remand is warranted because his claims arise only under state law. In response, VWGoA asserts that although Becker's claims are state law claims, they will necessarily raise an issue of federal law, and thus give rise to federal-question jurisdiction under § 1331. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005). More specifically, VWGoA maintains that to determine whether Becker's car should have been branded as a lemon, a court will need to consider and interpret the 2016 federal consent decree. That consent decree, VWGoA says, did not require the company to brand the 2.0-liter TDIs that it repurchased as lemons and state law to the contrary should not be enforced.

The well-pleaded-complaint rule governs whether Becker's case "arises under" federal law for purposes of § 1331. Under that rule, only his complaint may be considered in determining whether his claims will necessarily raise a federal issue. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). Becker's complaint makes no reference to the 2016 consent decree or to his car being a 2.0-liter TDI. He instead focuses on the car's accident history, the dealership's used-car certification process, and on whether his car should have been branded as a lemon under state law. It is only in response to his complaint that VWGoA invokes the consent decree as an affirmative defense. Part and parcel of the well-pleaded-complaint rule is the rule that "a case may not be removed to federal court on the basis of a federal defense." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014). As VWGoA invokes the consent decree only in defense, the decree does not give rise to jurisdiction under § 1331.

Jurisdiction is lacking for an additional reason. As noted above, Becker's claims are each based on multiple theories, only one of which is that defendants erred by not labeling his car as a

lemon.  VWGoA has not suggested that the other theories, such as Becker's theory that the defendants should have disclosed that his car had been in an accident, will require consideration of the 2016 consent decree at all, not even as an affirmative defense.  When a claim is based on multiple theories, and only one would raise a federal issue, "arising under" jurisdiction under § 1331 is not present.  *See Nevada v. Bank of America Corp.*, 672 F.3d 661, 675 (9th Cir. 2012).  For this reason too, jurisdiction under § 1331 is lacking.

The Court does not have federal-question jurisdiction over Becker's action.  His motion to remand his case to state court is therefore GRANTED.

**IT IS SO ORDERED.**

Dated: January 9, 2020

_____
CHARLES R. BREYER
United States District Judge